UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.

**TROY LARON MCKNIGHT,**

    **Defendant.**

Case No. 2:20-cr-121
JUDGE EDMUND A. SARGUS, JR.

## OPINION AND ORDER

This matter is before the Court on Defendant Troy Laron McKnight's Motion for Compassionate Release. (ECF No. 50.) The Government has responded in opposition. (ECF No. 52.) For the following reasons, Defendant's motion is **DENIED WITHOUT PREJUDICE**.

On December 21, 2018, Section 603(b) of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, modified 18 U.S.C. § 3582(c)(1)(A) to allow a sentencing court to reduce an imposed sentence. The statute provides:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendants' facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).

Here, Defendant's motion must be denied because he has not submitted proof that he exhausted the statute's administrative requirements. This exhaustion requirement is not jurisdictional, but is a mandatory condition which must be enforced if the Government timely objects to the failure to exhaust, as the Government has done here. *See United States v. Alam*, 960 F.3d 831, 833-834 (6th Cir. 2020). Defendant "bears the burden to show he has exhausted his administrative remedies and is entitled to compassionate release." *United States v. Perry*, No. 2:2-cr-159, 2021 U.S. Dist. LEXIS 144600, at *2 (S.D. Ohio Aug. 3, 2021) (quoting *United States v. McDonald*, No. 94-cr-20256-1, 2020 U.S. Dist. LEXIS 106051, at *7 (W.D. Tenn. June 8, 2020)).

Defendant states in his motion that he submitted a request for compassionate release to the warden of his institution on June 16, 2022, and that he has yet to receive a response. (ECF No. 50.) Defendant does not attach a copy of the purported petition and does not provide any evidence that he submitted his petition to the warden of his facility. Thus, Defendant has failed to prove that he exhausted the statute's administrative requirements. *See United States v. Lewis*, No. 1:18-cr-123-2, 2020 U.S. Dist. LEXIS 218383, at *6 (S.D. Ohio Nov. 19, 2020) (denying motion for compassionate release and stating that the defendant "must prove with evidence that he made a request to the warden, and that it was received by the warden, in order to establish that thirty days elapsed before he moved this Court for relief."); *see also Perry*, 2021 U.S. Dist. LEXIS 144600, at *2 (denying motion for compassionate release where defendant failed to attach a copy of his request to the warden).

Accordingly, Defendant's motion is **DENIED WITHOUT PREJUDICE**. (ECF No. 50.) Defendant may file another motion for compassionate release with proof that he complied with the statute's administrative requirements.

This case remains closed.

IT IS SO ORDERED.

**5/1/2023**           **s/Edmund A. Sargus, Jr.**
**DATE**                **EDMUND A. SARGUS, JR.**
                        **UNITED STATES DISTRICT JUDGE**